b UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————————

AMAR BELL,

                                        Plaintiff,

                                                                **DECISION AND ORDER**

                                                                05-CV-6307L

                          v.

ROXANNE ARNONE,

                                        Defendant.

———————————————————————————


Plaintiff, Amar Bell, appearing *pro se*, filed the complaint in this action under 42 U.S.C. § 1983 .  Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued Roxanne Arnone, a DOCS sergeant, alleging that his constitutional rights were violated in early November 2004, in connection with certain incidents while plaintiff was confined at Attica Correctional Facility.  Both sides have moved for summary judgment.


## **BACKGROUND**


Plaintiff alleges that on November 5, 2004, he "was on suicide watch inside a strip cell" in the Special Housing Unit ("SHU"), when plaintiff "cut [his] wrist with a razor."  He states that when Sgt. Arnone, who was supervising SHU at the time, was informed of what had happened, she came

and spoke to plaintiff, and then told an officer, "I don't care if he cut himself but we going [sic] to move him [to a different cell] behind a shield."  Complaint at 5-6.  Plaintiff alleges that he received no medical attention at the time.

Plaintiff also alleges that after he was moved to the new cell, he cut himself again numerous times, requiring sutures in his arms, neck and right leg.  He alleges that Arnone violated his rights under the Eighth Amendment to the United States Constitution by creating a policy or custom that caused him to receive inadequate medical treatment, and by "[f]ailing to oversee the people who caused the wrong, such as hiring unqualified people or failing to adequately train the staff." Complaint at 7.

In support of her motion, Arnone has submitted copies of plaintiff's relevant medical records.  Those records indicate that plaintiff received treatment on October 31, 2004 for self-inflicted lacerations, which were sutured.  Dkt. #20 at 8.  He was moved to SHU later that day.  *Id.* at 6.  It appears that he received a medical visit on November 1, *id.* at 9, and that he again cut himself on November 3, *id.* at 10.  He was again treated and the mental health unit was contacted. *Id.*

On November 5, it was reported that plaintiff "began to open [his] previous wounds in his arms [and] refused medical treatment."  *Id.*  Plaintiff was given a form acknowledging his refusal of treatment but he would not sign it.  *Id.* at 11-12.  There is no indication from the medical records that Arnone was present during any of these events.

- 2 -

In support of his motion for summary judgment, plaintiff states only that Arnone "was the sergeant on duty" at the time of the November 3 incident and that "she ordered to move [sic]" plaintiff to a different cell. Dkt. #11-2. Plaintiff has not responded to defendant's motion.[1]

## DISCUSSION

### I. Summary Judgment: General Principles

Rule 56(c) of the Federal Rules of Civil Procedure provides that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) further provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

### II. Eighth Amendment Claims: General Principles

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, a plaintiff must prove that the defendant's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v.*

---

[1]On July 31, 2006, the Court granted plaintiff's request for an extension of time to respond to defendant's motion, giving him until September 1 to do so. *See* Dkt. #24.

*Gamble*, 429 U.S. 97, 106 (1976).  A medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'"  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)).

As to the "deliberate indifference" component, the Supreme Court has explained that this standard includes both an objective and a subjective element.  *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).  With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights.  With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights.  *Id.*  To establish deliberate indifference, therefore, plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain.  *See Wilson*, 501 U.S. at 299; *DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

In addition, as with all claims under § 1983, the plaintiff must establish the defendant's personal involvement in the alleged constitutional deprivation.  *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001).  A supervisory official's personal involvement may be shown by evidence that:  (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to others' rights

by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

### III. Application to this Case

Applying these principles to the case at bar, I find that defendant is entitled to summary judgment. The undisputed medical records indicate that plaintiff did receive medical treatment, and that on one occasion he refused to accept it. The record is devoid of evidence that Arnone was personally involved in any of these events, and even if she were, there is a total lack of evidence that she had the requisite state of mind, *i.e.*, that she intended to inflict pain on plaintiff or that she ignored his serious medical needs.

Plaintiff's own motion provides no support for his claims, nor does it demonstrate the existence of any genuine issues of material fact. Plaintiff merely repeats his assertion that Arnone was on duty at the time in question. The mere fact that Arnone was supervising SHU at the time is not enough to demonstrate her personal involvement, however, for there is no *respondeat superior* liability under § 1983. *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989). In addition, plaintiff's conclusory allegation that she "[knew] about the wrong" but did nothing to stop it, Dkt. #11-2, is also not enough to give rise to an issue of fact. *See Houston v. Zen Zen*, 388 F.Supp.2d 172, 176 (W.D.N.Y. 2005) (conclusory allegations insufficient to defeat summary judgment motion).[2]

---

[2]I note that defendant's notice of motion (Dkt. #14), the Court's "*Irby*" notice (Dkt. #21), and the Court's scheduling order (Dkt. #22), all gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond properly to a motion for summary judgment. *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001); *Vital v. Interfaith Med.*

(continued...)

**CONCLUSION**

Plaintiff's motion for summary judgment (Dkt. #11) is denied.  Defendant's motion for summary judgment (Dkt. #14) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 11, 2006.

---

[2](...continued)
*Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).